Dykman, J.
A purchaser of real property at a judicial sale must be furnished with a complete and undoubted title, and if there be reasonable doubt of the marketableness of the title tendered, or a reasonable chance that a third person may question the same, a court of equity will not com *2 pel an acceptance thereof. Post v. Bernheimer, 31 Hun, 253; Shriver v. Shriver, 86 N. Y., 575; Fleming v. Burnham, 100 id., 1.
In the face of these authorities the power of this court should not be exerted to compel the completion of the purchase under the judgment in this action, for the reason that the purchaser would not receive a marketable title.
The property is subject to a condition subsequent which is quite restrictive, and might be very objectionable to many persons desiring to purchase the same for business purposes, unless the release of the same by the executors of the grantor in the deed which contains it, is sufficient for its extinguishment. That is a question which we cannot decide here by any judgment or order that would conclude the heirs of the original grantor, and the purchaser would be exposed to danger and risk of a litigation from that quarter.
The order appealed from should be reversed and an order entered releasing the purchaser and returning the money he has paid,, with his disbursements on this appeal, but no costs.
Barnard P. J., concurs; Pratt, J., not sitting.